UNITED STATES DISTRICT COURT
FOR THE
EASTERN DISTRICT OF MICHIGAN
231 W. Lafayette Blvd., 5th Floor
Detroit, MI 48226
(313)234-5000

| | |
|---|---|
| CRITOPHER ENRIQUE MORENO-CAMACHO<br>A#240.145.104<br>**Petitioner,** | Civil Action No.<br><br>Case: 5:25-cv-10006<br>Assigned To : Levy, Judith E.<br>Referral Judge: Stafford, Elizabeth A.<br>Assign. Date : 1/2/2025<br>Description: MORENO-CAMACHO<br>V. GARLAND ET AL. (CV) (TH) |

v.

**Merrick B. GARLAND**
US ATTORNEY GENERAL;

**Alejandro MAYORKAS**,
SECRETARY OF THE DEPARTMENT OF
HOMELAND SECURITY;

**Kevin RAYCRAFT,**
FIELD OFFICE DIRECTOR FOR THE
DETROIT FIELD OFFICE: and WARDEN OF
IMMIGRATION DETENTION FACILITY,

**Respondents.**

PETITION FOR A WRIT OF HABEAS CORPUS
PERSUANT TO 28 U.S.C. 2241

Petitioner, **CRITOPHER ENRIQUE MORENO-CAMACHO,** hearby petitions this Court for a writ of habeas corpus to remedy Petitioner's unlawful detention by Respondents. In support of this petition and complaint for injunctive relief Petitioner alleges as follows:

**CUSTODY**

1. Petitioner is in the physical custody of Respondents and U.S. Immigration and Customs Enforcement ("ICE"). Petitioner is detained at the **Calhoun County Detention Center** in **Battle Creek, Michigan.** ICE has contracted with **Calhoun County Jail** to house immigration detainees. Petitioner is

under the direct control of Respondents and their agents.

## JURISDICTION

2. This action arises under the constitution of the United States, and the Immigration and Nationality Act ("INA"), 8 U.S.C. 1254a et seq., as amended by the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA"),et seq.

3. This court has jurisdiction under 28 U.S.C. 2241: art. I 9, cl. 2 of the United States Constitution ("Suspension Clause"); and 28 U.S.C. 1331, as Petitioner is Presently in custody under color of the authority of the United Sates, and such custody is in violation of the Constitution, laws, or treaties of the United State. This court may grant relief persuant to 28 U.S.C. 2241, 5 U.S.C. 702, and the All Writs Act, 28 U.S.C. 1651.

4. Petitioner has exhausted any and all administrative remedies to the extent required by law.

## VENUE

5. Persuant to Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 493-500 (1973), venue lies in the United States District Court for the **Eastern District of Michigan**, the judicial district in which Petitioner resides.

## PARTIES

6. Petitioner is a native and citizen of **Venezuela**. Petitioner was first taken into ICE custody on **September 22nd, 2024**, and has remained in ICE custody continuously since that date. Petitioner was ordered removed on **December 9th,2024** by Immigration Judge Mark Jebson.

7. Respondent **Merrick B. GARLAND** is the Attorney General of the United States and is responsible for the administration of ICE and the implementation and enforcement of the Immigration & Naturalization Act (INA). As such, **Mr. Garland** has ultimate custodial authority over Petitioner.

8. Respondent **Alejandro MAYORKAS** is the Secretary of the Department of Homeland Security. He is responsible for the administration of ICE and the implementation and enforcement of the INA. As such, **Alejandro MAYORKAS** is the legal custodian of Petitioner.

9. Respondent **Kevin RAYCRAFT** is one of the ICE Field Director of the Detroit Field Office

of ICE and is Petititoner's immediate custodian. **See Vasquez v. Reno** 233 F.3d 688, 690 (1st Cir. 2000), **cert. denied**, 122 S. Ct. 43 (2001).

10. Respondent Warden of **Calhoun County Detention Center**, where Petitioner is currently detained under the authority of ICE, alternatively, may be considered to be Petitioner's immediate custodian.

### FACTUAL ALLEGATIONS

11. Petitioner, **CRITOPHER ENRIQUE MORENO-CAMACHO**, is a native and citizen of **Venezuela**. Petitioner has been in ICE custody since **September 22nd, 2024**. An Immigration Judge ordered the Petitioner removed on **December 9th, 2024.**

12. Petitioner entered the United States on **May 06, 2023** with CBP One and was appoved for parole on **May 11th, 2023**. Application for Temporary Protection Status was received by USCIS on **October 7th, 2023** Petitioner has solely lived in the United States since initial date of entrance and not resided anywhere else.

13. Petitioner no prior convictions.

14. **Petitioner was picked up after a motor vehicle stop by   Michigan State Trooper and transferred by Border Patrol Agent who brought him to Calhoun Detention Center.**

15. To date, however, Petitioner has a valid standing Temporary Protected Status until **April of 2025** and shall not remove the Petitioner from the United States during the period in which such status is in effect per 8 U.S.C.1254(a)(1)(A). In addition, by name and definition, TPS is temporary in nature and merely defers removal from the United States during the period in which a country or area is designated under the statute. See sections 244(a)(1) and 244(f)(1) of the Act. Petitioner was under parole and applied for I821- Application for Temporary Protected Status(TPS) on October 7th, 2023 through USCIS. Traffic stop does not mandate detention of Petitioner based on biometric confirmation.At the time of traffic stop USCIS was still processing the Petitioner's TPS application and was pending a status adjustment therefore, being unable to show proper

documentation. The issues before the Court are: (1) whether the exclusive use of biometric confirmation and database checks violates the Fourth Amendment; and (2) whether the issuance of detainers to state and local law enforcement agencies that lack authority for civil immigration arrests violates the Fourth Amendment. See Gonzalez v. ICE 416F.Supp 3d 995(2019)

## LEGAL FRAMEWORK FOR RELIEF SOUGHT

16. The infringement on personal liberty of any 'seizure' of a person can only be 'reasonable' under the Fourth Amendment if we require the police to possess 'probable cause' before they seize him."); see also Velazquez v. City of Long Beach, 793 F.3d 1010, 1018 (9th Cir. 2015) (a "claim for unlawful arrest is cognizable . . . as a violation of the Fourth Amendment, provided the arrest was without probable cause or other justification.urth Amendment's protection against unreasonable seizure in the context of a warrantless detainer serves an exceedingly important function in the immigration context because many of the backstops that exist in the criminal justice system are absent in the immigration system. See e.g., 8 U.S.C. § 1226(c) (no right to pre-trial release on bail or bond); 8 U.S.C. § 1229a(b)(4)(A) (no right to an attorney at the government's{2019 U.S. Dist. LEXIS 42} expense in removal proceedings); Dkt. No. 484, AF 5-7; Dkt. No. 264 at 2-3 (no judge or neutral arbiter ever reviews an ICE official's probable cause determination to issue a detainer or make an arrest). Given the lack of additional safeguards in the immigration context, the initial process ICE officials utilize to make arrests and issue detainers must be sufficiently supported by lawful authority and probable cause.

## CLAIMS FOR RELIEF

## COUNT ONE

## STATUTORY VIOLATION

17. Petitioner re-alleges and incorporates by reference paragraphs 1 through 16 above.

18. Petittioner's continued detention by Respondents is unlawful and contravenes 8 U.S.C.1254(a)(1)(A). ICE's continued detention of someone like Petitioner under such circumstances is unlawful.

19. Petitioner re-alleges and incorporates by reference paragraphs 1 through 16 above.

20. Petitioner's continued detention violates Petitioner's right to substantive due process through a deprivation of the core liberty interest in freedom from the bodily restraint.

21. The Due Procrress Clause of the Fifth Amendment requires that the deprivation of Petitioner's liberty be narrowly tailored to serve a compelling government interest. While Respondents would have an interest in detaining Petitioner in order to effectuate removal, that interest does not justify the indefinite detention of Petitioner, who is not significantly likely to be removed in the reasonable forseeable future. Petitioner cannot be removed until expiration of Temporary Protected Status.

## COUNT TRHEE

## PROCEDURAL DUE PROCESS VIOLATION

22. Petitioner re-alleges and incorporates by reference paragraphs 1 through 21 above.

23. Under the Due Process Clause of the Fifth Amendment, an alien is entitled to a timely and meaningful opportunity to demonstrate that he should not be detained. Petitioner in this case has been denied that opportunity. ICE does not make decisions concerning aliens' custody status in a neutral and impartial manner. The failure of Respondents to provide a neutral decision-maker to review the continued

custody of Petitioner violates Petitioner's right to procedural due process. There is no administrative mechanism in place for the Petitioner to demand a decision of custody release, or ensure that a decision will ever be made, or appeal a custody decision.

### PRAYER FOR RELIEF

WHEREFORE, Petitioner prays that this Court grant the following relief:

1) Assume jurisdiction over this matter;

2) Grant Petitioner a writ of habeas corpus directing the Respondents to immediately release Petitioner from custody;

3) Enter preliminary and permanent injunctive relief enjoining Respondents from further unlawful detention of Petitioner;

4) Award Petitioner attorney's fees and costs under the Equal Access to Justice Act ("EAJA"), as amended, 5 U.S.C. 504 and 28 U.S.C. 2412 and on any other basis justified under law; and

5) Grant any other and further relief that this Court deems just and proper.

I affirm, under penalty of perjury, that the foregoing is true and correct.

**Petitioner**       12 19 2024  **Date executed**

CRITOPHER ENRIQUE MORENO-CAMACHO
A# 240.145.104
CALHOUN COUNTY DETENTION CENTER
185 E. MICHIGAN AVE.
BATTLE CREEK, MI 49014

CRITOPHER ENRIQUE MORENO CAMACHO
At Calhoun County Jail
185 E. Michigan Ave
Battle Creek, MI 49014

Court Clerk
US District Court
Eastern Michigan
231 W. Lafayette Blvd.
Fifth Floor
Detroit, MI 48226

U.S. MARSHALS

