United States District Court
Eastern District of Michigan

Critopher Enrique Moreno-Camacho,

    Petitioner,

v.

Pam Bondi, U.S. Attorney General,
Kristi Noem, Secretary of the
Department of Homeland Security,
Kevin Raycraft, Field Office Director
for the Detroit Field Office, and
Warden of Immigration Detention
Facility,

    Respondents.

Civil No. 25-10006

Honorable Judith E. Levy
Magistrate Judge Elizabeth A. Stafford

# Respondents' Opposition to Petitioner's Request for a Writ of Habeas Corpus

For the reasons described in the attached brief, respondents oppose petitioner's request for a writ of habeas corpus because his detention is proper. Petitioner is a noncitizen subject to a final order of removal, he does not possess temporary protected status, and he has been detained for less than 90 days since he was ordered removed. Therefore, his detention is proper under the Constitution and federal law.

Respectfully submitted,

**Julie A. Beck**
Acting United States Attorney

*/s/ Zak Toomey*
**Zak Toomey** (MO61618)
Assistant U.S. Attorney
211 W. Fort Street, Suite 2001
Detroit, Michigan 48226
(313) 226-9617
zak.toomey@usdoj.gov

Dated: February 26, 2025

2

United States District Court
Eastern District of Michigan

Critopher Enrique Moreno-Camacho,

    Petitioner,

v.

Pam Bondi, U.S. Attorney General,
Kristi Noem, Secretary of the
Department of Homeland Security,
Kevin Raycraft, Field Office Director
for the Detroit Field Office, and
Warden of Immigration Detention
Facility,

    Respondents.

Civil No. 25-10006

Honorable Judith E. Levy
Magistrate Judge Elizabeth A. Stafford

# Respondents' Brief in Support of Their Opposition to Petitioner's Request for a Writ of Habeas Corpus

## Issue Presented

Should the Court deny petitioner's request for a writ of habeas corpus when respondents have a valid basis for detaining petitioner and the duration of petitioner's detention does not offend the Fifth Amendment?

i

# Table of Contents

Table of Authorities ................................................................................................. iii

Introduction ............................................................................................................... 1

Background ............................................................................................................... 1

Argument ................................................................................................................... 4

Conclusion ................................................................................................................. 6

Certificate of Service ................................................................................................. 8

# Table of Authorities

**Cases**

*Zadvydas v. Davis*, 533 U.S. 678 (2001) ..................................................................1, 5

**Statutes**

28 U.S.C. § 2241 ........................................................................................................4

8 U.S.C. § 1158(b)(2)(A)(iii) .....................................................................................6

8 U.S.C. § 1182 ..........................................................................................................5

8 U.S.C. § 1226(c) .....................................................................................................6

8 U.S.C. § 1231 ..........................................................................................................4

8 U.S.C. § 1231(a)(1) .................................................................................................4

8 U.S.C. § 1231(a)(2) .............................................................................................4, 5

8 U.S.C. § 1231(a)(2)(A) ................................................................................... 1, 4, 6

8 U.S.C. § 1231(a)(6) .................................................................................................5

8 U.S.C. § 1254a ........................................................................................................1

8 U.S.C. § 1254a(c)(2)(B)(ii) .....................................................................................6

# Introduction

Petitioner is a noncitizen subject to a final order of removal. Respondents lawfully detained petitioner to facilitate his removal in September 2024 and respondents will promptly remove petitioner once he exhausts his administrative appeals. The Court should reject petitioner's request for a writ of habeas corpus because, as an inadmissible noncitizen subject to a final order of removal, his detention is proper under 8 U.S.C. § 1231(a)(2)(A) and the duration of his detention is lawful under the Fifth Amendment because he has been detained for less than 90 days after the entry of his final order of removal. *See Zadvydas v. Davis*, 533 U.S. 678, 701–02 (2001). Similarly, the Court should also reject petitioner's claim that his detention is barred by his "temporary protected status" under 8 U.S.C. § 1254a because USCIS (a non-party to this case) revoked petitioner's temporary protected status when it learned Venezuelan authorities had issued arrest warrants for petitioner for serious crimes prior to his arrival in the United States and, even if USCIS had not done so, it would not have barred his detention in this case.

# Background

Petitioner Critopher Enrique Moreno-Camacho is a citizen of Venezuela.[1] (Compl., ECF No. 1, PageID.2 ¶ 6). Prior to Moreno-Camacho's arrival in the

---

[1] Records relating to petitioner use several different spellings of his first and last names. (*See* Exhibit 4 – RAP Sheet at 1) (listing aliases). His identity has been

1

United States, authorities in Venezuela issued 2 arrest warrants for him for three felonies: theft of a vehicle, strongarm robbery, and extortion. (Exhibit 1 – Anderson Decl. ¶ 19; Exhibit 2 – TPS Withdrawal at 2).

Moreno-Camacho entered the United States at Paso Del Norte, Texas, on April 10, 2023, without legal status. (Exhibit 1 – Anderson Decl. ¶ 4; Exhibit 3 – I-213 at 4). U.S. Border Patrol officers arrested and detained Moreno-Camacho shortly thereafter. (Exhibit 1 – Anderson Decl. ¶ 4; Exhibit 3 – I-213 at 4).

On May 6, 2024, U.S. Border Patrol paroled Moreno-Camacho into the United States because it did not have sufficient detention capacity to house Moreno-Camacho at that time. (Exhibit 1 – Anderson Decl. ¶ 5). As a condition of his parole, Moreno-Camacho was required to remain in Austin, Texas, and report to a local ICE office in Austin. (*Id.*; Exhibit 3 – I-213 at 4–5). However, Moreno-Camacho did not report to the ICE office in Austin, and he did not remain in Texas. (Exhibit 1 – Anderson Decl. ¶ 5; Exhibit 3 – I-213 at 4–5).

On October 7, 2023, Moreno-Camacho applied to USCIS, a non-party to this action, for temporary protected status and, on April 29, 2024, he applied for asylum. (Exhibit 1 – Anderson Decl. ¶¶ 6–8).

---

verified through other means, such as fingerprints, therefore, the spelling differences are immaterial. (*See* Exhibit 3 – I-213 at 1, 3).

2

On September 22, 2024, Michigan State Police arrested Moreno-Camacho for felony forgery and counterfeiting. (Exhibit 1 – Anderson Decl. ¶ 9; Exhibit 4 – RAP Sheet at 4). The Michigan charges against Moreno-Camacho remain pending. (Exhibit 1 – Anderson Decl. ¶ 9). On the same day that Moreno-Camacho was arrested, DHS initiated removal proceedings against him and detained him pursuant to those proceedings. (Exhibit 1 – Anderson Decl. ¶ 10; Exhibit 5 – NTA at 1).

On September 27, 2024, an immigration judge denied Moreno-Camacho bond after concluding that Moreno-Camacho was a flight risk and posed a danger to the community. (Exhibit 1 – Anderson Decl. ¶ 12; Exhibit 6 – Bond Order). On October 10, 2024, Moreno-Camacho requested a new bond hearing based on his application for temporary protected status, but the immigration judge rejected that request because Moreno-Camacho's application for temporary protected status did not alter the immigration court's conclusion that Moreno-Camacho posed a danger to the community. (Exhibit 1 – Anderson Decl. ¶¶ 13–14).

In November 2024, after ICE had already initiated removal proceedings against Moreno-Camacho, USCIS granted Moreno-Camacho temporary protected status. (Exhibit 1 – Anderson Decl. ¶ 15). A few weeks later, the immigration judge held a merits hearing on Moreno-Camacho's removal. (*Id.* at ¶ 16; Exhibit 7 – Order of Removal at 1). At the hearing, Moreno-Camacho withdrew his application for asylum and his request for withholding of removal. (Exhibit 1 – Anderson Decl.

3

¶ 15; Exhibit 7 – Order of Removal at 1). On December 9, 2024, the immigration judge entered a final order of removal and ordered Moreno-Camacho removed to Venezuela. (Exhibit 1 – Anderson Decl. ¶ 15; Exhibit 7 – Order of Removal at 1).

After the immigration court entered its final order of removal, USCIS revoked Moreno-Camacho's temporary protected status after it learned of the arrest warrants issued for Moreno-Camacho in Venezuela prior to his arrival in the United States. (Exhibit 1 – Anderson Decl. ¶ 19; Exhibit 2 – TPS Withdrawal, at 2).

Moreno-Camacho may appeal USCIS's decision to revoke his temporary protected status until March 18, 2025. (Exhibit 1 – Anderson Decl. ¶ 20). If Moreno-Camacho does not appeal, respondents will promptly remove Moreno-Camacho to Venezuela. (Exhibit 1 – Anderson Decl. ¶ 24). Moreno-Camacho remains detained at the Calhoun County Detention Center under 8 U.S.C. § 1231(a)(2)(A).

## Argument

A district court may grant a writ of habeas corpus if a petitioner is in federal custody in violation of the Constitution or a federal law. 28 U.S.C. § 2241. However, Moreno-Camacho is not entitled to a writ of habeas corpus because his detention is proper.

Under 8 U.S.C. § 1231, a noncitizen must be detained for 90 days after an immigration judge issues a final order of removal. 8 U.S.C. §§ 1231(a)(1), (2). An immigration judge ordered Moreno-Camacho removed on December 9, 2024.

(Exhibit 1 – Anderson Decl. ¶ 16). Therefore, under the plain language of the statute, Moreno-Camacho must be detained until March 6, 2025. *See* 8 U.S.C. § 1231(a)(2).

In addition, noncitizens ordered removed because of inadmissibility under 8 U.S.C. § 1182 may be detained beyond the 90-day initial removal period if an immigration judge concludes that the noncitizen poses a danger to the community. 8 U.S.C. § 1231(a)(6). Moreno-Camacho was ordered removed because he was inadmissible under § 1182 and an immigration judge has concluded that Moreno-Camacho poses a danger to the community. (Exhibit 1 – Anderson Decl. ¶¶ 12, 14, 16). Therefore, respondents may lawfully detain Moreno-Camacho beyond the initial 90-day removal period for at least another 90 days (or until June 7, 2025), without requiring any Fifth Amendment analysis. *See* 8 U.S.C. § 1231(a)(6); *Zadvydas v. Davis*, 533 U.S. 678, 701 (2001).[2] Accordingly, Moreno-Camacho's Fifth Amendment challenge to his detention is meritless.

Finally, Moreno-Camacho cannot argue that his former "temporary protected status" barred his detention. First, Moreno-Camacho was never eligible for temporary protected status because there was reason to believe that he had committed serious crimes in Venezuela before he entered the United States. *See* 8 U.S.C. § 1254a(c)(2)(B)(ii); 8 U.S.C. § 1158(b)(2)(A)(iii). And, when he was

---

[2] After June 2025, Moreno-Camacho's detention will be proper under the Fifth Amendment if respondents can demonstrate that there is a "likelihood of removal in the reasonably foreseeable future." *Zadvydas*, 533 U.S. at 701–02.

5

arrested by Michigan State police and detained pursuant to his removal proceedings, he had not yet been improperly awarded temporary protected status, so it could not have barred his detention when he was arrested. (Exhibit 1 – Anderson Decl. ¶¶ 10, 15, 19). Instead, he was not erroneously awarded temporary protected status until after respondents had initiated removal proceedings against him, he was subject to mandatory detention under 8 U.S.C. § 1226(c), and an immigration judge had denied him bond after concluding that he posed a danger to the community. (*See* Exhibit 1 – Anderson Decl. ¶¶ 10, 12, 14–15). Accordingly, even if Moreno-Camacho's temporary protected status had been valid for the few weeks between when USCIS granted and then revoked it, the statute mandating his detention pursuant to his removal proceedings (and then his final order of removal) would have overridden any barrier to detention offered by his temporary protected status. *See* 8 U.S.C. §§ 1226(c), 1231(a)(2)(A).

## Conclusion

Respondents respectfully request that the Court deny petitioner's request for a writ of habeas corpus because his detention is proper under the Constitution and federal law.

6

                    Respectfully submitted,

                    **Julie A. Beck**
                    Acting United States Attorney

                    */s/ Zak Toomey*
                    **Zak Toomey** (MO61618)
                    Assistant U.S. Attorney
                    211 W. Fort Street, Suite 2001
                    Detroit, Michigan 48226
                    (313) 226-9617
Dated: February 26, 2025      zak.toomey@usdoj.gov

## Certificate of Service

I hereby certify that on February 26, 2025, I electronically filed the foregoing paper with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the parties of record. In addition, a paper copy of this filing has been mailed to petitioner at the address he provided in his pleading:

Critopher Enrique Moreno-Camacho
A#240 145 104
Calhoun County Detention Center
185 E. Michigan Ave.
Battle Creek, Michigan 49014

   */s/ Zak Toomey*
   **Zak Toomey**
   Assistant U.S. Attorney