UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

CRISTOPHER ENRIQUE MORENO-CAMACHO,
       Petitioner,

v.

PAM BONDI, ET AL.

       Respondents.
_____/

Case No. 5:25-cv-10006

Honorable Judith E. Levy
U.S. District Judge

Elizabeth A. Stafford
Magistrate Judge

## DECLARATION OF BEVAN J. ANDERSON

I, Bevan Anderson., hereby make the following declaration with respect to the above-captioned matter:

1. I am a Deportation Officer with the Detroit Field Office of Enforcement and Removal Operations (ERO), U.S. Immigration and Customs Enforcement (ICE), U.S. Department of Homeland Security (DHS). I have been employed with ICE ERO since December 2015, and in my current position since May 2016. In my current position, my duties include managing the detained docket for aliens from Central and South America, as well as monitoring the progress of cases pending before the Detroit Immigration Court.

2. The subject matter of this declaration involves my official duties as a Deportation Officer and is based on personal knowledge, belief, reasonable inquiry, and information obtained from various records, systems, databases, other DHS employees, employees of DHS contract facilities, and information portals maintained and relied upon by DHS in the regular course of business.

3. I am familiar with the Petitioner in this matter, Cristopher Moreno-Camacho.

4. On April 10, 2023, Moreno-Camacho entered the United States, at Paso Del Norte, Texas, without being inspected and admitted or paroled by an immigration officer. He was apprehended and arrested by United States Border Patrol (USBP) and detained in DHS custody.

5. On May 6, 2023, USBP paroled Moreno-Camacho from DHS custody due to a lack of bed space. Moreno-Camacho informed USBP that he was going to reside in Austin, Texas. USBP instructed Moreno-Camacho to report to the local ICE ERO office after arriving in Austin, Texas. Moreno-Camacho failed to report to ICE ERO as instructed.

6. On October 7, 2023, Moreno-Camacho filed a Form I-821, Application for Temporary Protected Status, with United States Citizenship and Immigration Services (USCIS). Moreno-Camacho filed his application pursuant to the October 3, 2023 TPS designation of Venezuela. 88 Fed. Reg. 68130 (Oct. 3, 2023).

7. On April 29, 2024, Moreno-Camacho filed an affirmative Form I-589, Application for Asylum and Withholding of Removal, with USCIS.

8. On September 22, 2024, Michigan State Police arrested Moreno-Camacho for forgery and counterfeiting. Those charges remain pending.

9. On September 22, 2024, DHS commenced removal proceedings against Moreno-Camacho by way of service of a Notice to Appear (NTA), charging him with inadmissibility under section 212(a)(6)(A)(i) [8 U.S.C. § 1182(a)] of the Immigration and Nationality Act (INA), in that he is an alien present in the United States without admission or parole, or who arrived in the United States at any time or place other than as designated by the Attorney General. ICE ERO detained Moreno-Camacho pending his removal proceedings.

10. On September 22, 2024, Moreno-Camacho requested a custody determination by the immigration judge.

11. On September 27, 2024, the immigration judge denied Moreno-Camacho's bond request on grounds that he is a danger and alternatively, a flight risk.

12. On October 10, 2024, Moreno-Camacho, through counsel, filed a motion for a new bond hearing and redetermination of bond due to changed circumstances, mainly that he had then-pending applications for TPS and asylum.

13. On October 23, 2024, the immigration judge denied Moreno-Camacho's motion and reasoned that Moreno-Camacho's pending applications for TPS and asylum did not relate to the court's finding that he is a danger.

14. On November 13, 2024, USCIS approved Moreno-Camacho's application for TPS under INA § 244. Moreno-Camacho's TPS was valid until April 2, 2025.

15. On December 9, 2024, Moreno-Camacho appeared for a merits hearing before an immigration judge in Detroit, Michigan, and withdrew his applications for asylum, withholding of removal, and protection under the regulations implementing the United Nations Convention Against Torture. The immigration judge found Moreno-Camacho inadmissible as charged and ordered him removed to Venezuela.

16. On January 2, 2025, Moreno-Camacho filed the instant Petition for a Writ of Habeas Corpus with the United States District Court for the Eastern District of Michigan.

17. On February 7, 2025, USCIS reopened Moreno-Camacho's application for TPS.

18. On February 13, 2025, USCIS issued a decision withdrawing Moreno-Camacho's TPS on the grounds that he committed serious non-political crimes outside of the United States

and for willful misrepresentation of material fact on his application for TPS pursuant to 8 C.F.R. § 244.14.

19. Any motion to reopen or appeal of USCIS's decision must be filed with USCIS's Administrative Appeals Office by March 18, 2025.

20. On February 5, 2025, after reviewing country conditions and considering whether permitting Venezuelan nationals covered by the 2023 designation is contrary to the national interest of the United States, in consultation with the appropriate U.S. Government agencies, the Secretary of the Department of Homeland Security determined that Venezuela no longer continues to meet the conditions for the 2023 designation. In particular, the Secretary determined it is contrary to the national interest to permit the covered Venezuelan nationals to remain temporarily in the United States. The Secretary therefore terminated the 2023 TPS designation of Venezuela.

21. Given the termination of the 2023 TPS designation of Venezuela, Moreno-Camacho would no longer be entitled to TPS beyond April 7, 2025, even if he were to challenge USCIS's decision withdrawing his TPS.

22. Moreno-Camacho remains detained in DHS custody pursuant to 8 U.S.C. § 1231(a)(2)(A).

23. On February 11, 2025, the ICE Detention Operations and Coordination Center (DOCC) identified Moreno-Camacho for removal to Venezuela. Therefore, there is a significant likelihood of removal in the foreseeable future.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct based upon reasonable inquiry, knowledge, information, and belief.

Executed on February 26, 2025

                                                    Bevan Anderson, Deportation Officer
U.S. Immigration & Customs Enforcement
Office of Detention & Removal Operations
U.S. Department of Homeland Security
985 Michigan Avenue
Detroit, MI 48226

5