United States District Court
Eastern District of Michigan

Critopher Enrique Moreno-Camacho,

    Petitioner,

v.

Pam Bondi, U.S. Attorney General,
Kristi Noem, Secretary of the
Department of Homeland Security,
Kevin Raycraft, Field Office Director
for the Detroit Field Office, and
Warden of Immigration Detention
Facility,

    Respondents.

Civil No. 25-10006

Honorable Judith E. Levy
Magistrate Judge Elizabeth A. Stafford

## Respondents' Response to the Court's Order to Show Cause

In this action seeking a writ of habeas corpus, petitioner challenged his continued detention by respondents while they coordinated his removal pursuant to a final order of removal by an immigration judge. While this suit was pending, petitioner was removed from the United States and released from ICE custody. While the agency was preparing a motion and declaration to inform the Court of petitioner's removal, the Court issued a show cause order requiring respondents to confirm that petitioner had been removed, to provide the authority for his removal,

1

and to explain why respondents did not previously notify the Court of petitioner's removal. Respondents provide that information below.

## Background

Petitioner Critopher Enrique Moreno-Camacho is a citizen of Venezuela. (Compl., ECF No. 1, PageID.2 ¶ 6). On May 6, 2024, U.S. Border Patrol paroled Moreno-Camacho into the United States. (Anderson Decl., ECF No. 7-2, PageID.54).

On October 7, 2023, Moreno-Camacho applied to USCIS, a non-party to this action, for temporary protected status and, on April 29, 2024, he applied for asylum. (Anderson Decl., ECF No.7-2, PageID.54).

On September 22, 2024, Michigan State Police arrested Moreno-Camacho for felony forgery and counterfeiting. (Anderson Decl., ECF No. 7-2, PageID.54; RAP Sheet, ECF No. 7-5, PageID.71). On the same day that Moreno-Camacho was arrested, DHS initiated removal proceedings against him and detained him pursuant to those proceedings. (Anderson Decl., ECF No. 7-2, PageID.55; NTA, ECF No. 7-6, PageID.72).

On September 27, 2024, an immigration judge denied Moreno-Camacho bond after concluding that Moreno-Camacho was a flight risk and posed a danger to the community. (Anderson Decl., ECF No. 7-2, PageID.55; Bond Order, ECF No. 7-7, PageID.76). On October 10, 2024, Moreno-Camacho requested a new bond hearing

2

based on his application for temporary protected status, but the immigration judge rejected that request because Moreno-Camacho's application for temporary protected status did not alter the immigration court's conclusion that Moreno-Camacho posed a danger to the community. (Anderson Decl., ECF No. 7-2, PageID.55).

In November 2024, after ICE had already initiated removal proceedings against Moreno-Camacho, USCIS granted Moreno-Camacho temporary protected status. (Anderson Decl., ECF No. 7-2, PageID.55). A few weeks later, the immigration judge held a merits hearing on Moreno-Camacho's removal. (*Id.* at ¶ 16; Order of Removal, ECF No. 7-8, PageID.78). At the hearing, Moreno-Camacho withdrew his application for asylum and his request for withholding of removal. (Anderson Decl., ECF No. 7-2, PageID.55; Order of Removal, ECF No. 7-8, PageID.78). On December 9, 2024, the immigration judge entered a final order of removal and ordered Moreno-Camacho removed to Venezuela. (Anderson Decl., ECF No. 7-2, PageID.55; Order of Removal, ECF No. 7-8, PageID.80).

After the immigration court entered its final order of removal, USCIS revoked Moreno-Camacho's temporary protected status after it learned of arrest warrants issued for Moreno-Camacho in Venezuela prior to his arrival in the United States. (Anderson Decl., ECF No. 7-2 PageID.56; TPS Withdrawal, ECF No. 7-3, PageID.60).

Moreno-Camacho was removed from the United States on March 15, 2025, and released from ICE custody. (Exhibit 1 – Anderson Decl. ¶ 5). Moreno-Camacho's removal was executed pursuant to Immigration and Nationality Act. (*Id.* ¶ 9). Moreno-Camacho did not appeal USCIS's withdrawal of his temporary protected status before his removal. (*Id.* at ¶ 6).

Respondents confirm that Moreno-Camacho was not removed to Venezuela, but counsel did not receive approval from the proper official prior to the Court's filing deadline to disclose the country to which Moreno-Camacho was removed. (*See* Anderson Decl. – ¶¶ 7–8). Respondents will supplement this response if approval to disclose that information is granted.

## Argument

As described below, respondents removed Moreno-Camacho under the Immigration and Nationality Act and respondents were preparing to notify the Court of this fact when the Court issued its show cause order.

**A.     Moreno-Camacho was Removed Pursuant to the Immigration and Nationality Act**

Moreno-Camacho was removed under the authority granted to respondents by the Immigration and Nationality Act. "The Immigration and Nationality Act (INA) establishes procedures for removing aliens living unlawfully in the United States." *Johnson v. Guzman Chavez*, 594 U.S. 523, 527 (2021). A noncitizen is inadmissible if they are present in the United States without being properly admitted or if they do

4

not have legal status. 8 U.S.C. § 1182(a)(6)(A)(i). The INA grants the Department of Homeland Security and the Attorney General authority to order inadmissible aliens removed and to execute their removal after the proper procedures are followed. *See* 8 U.S.C. § 1231. Moreno-Camacho was placed into removal proceedings and ordered removed by an immigration judge after a merits hearing in which he withdrew his applications for withholding of removal and his application for asylum. While Moreno-Camacho was not removed to the specific country identified by the immigration judge, the INA grants respondents the authority to remove noncitizens to alternative countries when appropriate. *See* 8 U.S.C. § 1231(b)(1)(C); (Exhibit 1 – Anderson Decl. ¶¶ 7–8).

Moreno-Camacho's removal is beyond the scope of this habeas case challenging his detention. *See* 8 U.S.C. § 1252(g); *Hamama v. Adducci*, 912 F.3d 869, 876–77 (6th Cir. 2018). However, even if it were within the Court's review, it was proper under the INA. Moreno-Camacho's only challenge to his removal was his claim that he possessed temporary protected status. However, USCIS, a non-party to this case, withdrew his temporary protected status more than a month before his removal when it learned that arrest warrants had been issued for him in Venezuela before he arrived in the United States. (TPS Withdrawal, ECF No. 7-3, PageID.59–62). And, even if Moreno-Camacho had wished to appeal the withdrawal of his TPS status, that appeal process would have been reviewable in the Board of

Immigration Appeals, rather than in this Court. *See* 8 C.F.R. §§ 103.3, 244.10, 244.11.

**B.     Respondents Were Preparing a Motion to Notify the Court of Moreno-Camacho's Removal When the Court Issued its Order to Show Cause**

The agency notified the U.S. Attorney's Office of Moreno-Camacho's removal two days after he had been removed. At that time, the agency and the U.S. Attorney's Office began drafting a motion to dismiss this case for mootness and a declaration attesting to Moreno-Camacho's removal. *See, e.g.*, *Enazeh v. Davis*, 107 F. App'x 489, 491 (6th Cir. 2004). Respondents were in the process of reviewing those drafts when the Court issued its order to show cause.

Respondents did not notify the Court prior to Moreno-Camacho's removal because his removal was not at issue in this case. *See* 8 U.S.C. § 1252(g). In addition, the agency is unaware of a statute or regulation requiring such pre-removal notice to a district court in a case that is not challenging removal and it is not the agency's practice to do so for practical and prudential reasons.

                                                            Respectfully submitted,

                                                            Julie A. Beck
                                                            Acting United States Attorney

                                                            */s/ Zak Toomey*
                                                            Zak Toomey (MO61618)
                                                            Assistant U.S. Attorney
                                                            211 W. Fort Street, Suite 2001
                                                            Detroit, Michigan 48226
                                                            (313) 226-9617
Dated: March 26, 2025                zak.toomey@usdoj.gov

## Certificate of Service

I hereby certify that on March 26, 2025, I electronically filed the foregoing paper with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the parties of record.

*/s/ Zak Toomey*
Zak Toomey
Assistant U.S. Attorney

8