United States District Court
Eastern District of Michigan

Critopher Enrique Moreno-Camacho,

    Petitioner,

v.

Pam Bondi, U.S. Attorney General;
Kristi Noem, Secretary of the
Department of Homeland Security;
Kevin Raycraft, Field Office Director
for the Detroit Field Office; and
Warden of Immigration Detention
Facility,

    Respondents.

Civil No. 25-10006

Honorable Judith E. Levy
Magistrate Judge Elizabeth A. Stafford

## Respondents' Motion to Dismiss

For the reasons described in the attached brief and in their response to the Court's order to show cause, (ECF No. 10), respondents move to dismiss this matter for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) because this matter is moot. Counsel could not reasonably seek petitioner's concurrence in this motion under Local Rule 7.1(a) because petitioner no longer resides in the United States.

                                                Respectfully submitted,

                                                Julie A. Beck
                                                Acting United States Attorney

                                                /s/ Zak Toomey
                                                Zak Toomey (MO61618)
                                                Assistant U.S. Attorney
                                                211 W. Fort Street, Suite 2001
                                                Detroit, Michigan 48226
                                                (313) 226-9617
Dated: April 3, 2025                      zak.toomey@usdoj.gov

United States District Court
Eastern District of Michigan

Critopher Enrique Moreno-Camacho,

    Petitioner,

v.

Pam Bondi, U.S. Attorney General;
Kristi Noem, Secretary of the
Department of Homeland Security;
Kevin Raycraft, Field Office Director
for the Detroit Field Office; and
Warden of Immigration Detention
Facility,

    Respondents.

Civil No. 25-10006

Honorable Judith E. Levy
Magistrate Judge Elizabeth A. Stafford

# Respondents' Brief in Support of Their Motion to Dismiss

## Issue Presented

Should the Court dismiss this case challenging respondents' detention of petitioner for lack of jurisdiction when petitioner is no longer in respondents' custody?

## Table of Contents

Table of Authorities ................................................................................................. iii

Introduction ...............................................................................................................1

Background ...............................................................................................................1

Argument...................................................................................................................3

Conclusion ................................................................................................................7

Certificate of Service ................................................................................................8

# Table of Authorities

**Cases**

*Al-Rabiah v. Adducci*, No. 1:18-CV-520, 2018 WL 6704877
  (W.D. Mich. Oct. 30, 2018), *report and recommendation adopted*,
  No. 1:18-CV-520, 2018 WL 6704872 (W.D. Mich. Dec. 13, 2018)......................5

*Already, LLC v. Nike, Inc.*, 568 U.S. 85 (2013)..........................................................4

*Carras v. Williams,* 807 F.2d 1286 (6th Cir. 1986)....................................................4

*Demis v. Sniezek,* 558 F.3d 508 (6th Cir. 2009) ....................................................4, 5

*Enazeh v. Davis*, 107 F. App'x 489 (6th Cir. 2004) ......................................... 4, 5, 6

*Ibrahim v. Sessions*, No. 4:18CV122, 2018 WL 3548827
  (N.D. Ohio July 24, 2018) ........................................................................................5

*RMI Titanium Co. v. Westinghouse Elec. Corp.*, 78 F.3d 1125 (6th Cir. 1996) .......3

*Roman v. Ashcroft*, 340 F.3d 314 (6th Cir. 2003)......................................................6

*Weinstein v. Bradford*, 423 U.S. 147 (1975) ............................................................5

**Statutes**

8 U.S.C. § 1226(e) .....................................................................................................7

8 U.S.C. § 1252(a) .....................................................................................................7

8 U.S.C. § 1252(g) .....................................................................................................7

8 U.S.C. § 1254a(c)(3) ...............................................................................................6

**Other Authorities**

U.S. Const. Art. III, § 2 ..............................................................................................3

**Rules**

Fed. R. Civ. P. 12(b)(1)..............................................................................................3

Fed. R. Civ. P. 12(h)(3)..............................................................................................3

**Regulations**

8 C.F.R. § 103.3 .........................................................................................................6

8 C.F.R. § 244.10 ........................................................................................................6

8 C.F.R. § 244.11 ........................................................................................................6

## Introduction

In this action seeking a writ of habeas corpus, petitioner challenged his continued detention by ICE. While this suit was pending, petitioner was removed from the United States pursuant to a final order of removal by an immigration judge. Because petitioner has been released from ICE custody, his challenge to his detention is moot, and this case lacks subject matter jurisdiction.

## Background

Petitioner Critopher Enrique Moreno-Camacho is a citizen of Venezuela. (Compl., ECF No. 1, PageID.2, ¶ 6). On May 6, 2024, U.S. Border Patrol paroled Moreno-Camacho into the United States because it did not have sufficient detention capacity to house Moreno-Camacho at that time. (Anderson Decl., ECF No. 7-2, PageID.54, ¶ 5).

On October 7, 2023, Moreno-Camacho applied to USCIS, a non-party to this action, for temporary protected status and, on April 29, 2024, he applied for asylum. (Anderson Decl., ECF No. 7-2, PageID.54, ¶ 6).

On September 22, 2024, Michigan State Police arrested Moreno-Camacho for felony forgery and counterfeiting. (Anderson Decl., ECF No. 7-2, PageID.54, ¶ 8; RAP Sheet, ECF No. 7-5, PageID.71). On the same day that Moreno-Camacho was arrested, DHS initiated removal proceedings against him and detained him pursuant

to those proceedings. (Anderson Decl., ECF No. 7-2, PageID.54, ¶ 9; NTA, ECF No. 7-6, PageID.72).

On September 27, 2024, an immigration judge denied Moreno-Camacho bond after concluding that Moreno-Camacho was a flight risk and posed a danger to the community. (Anderson Decl., ECF No. 7-2, PageID.55, ¶ 11; Bond Order, ECF No. 7-7, PageID.76). On October 10, 2024, Moreno-Camacho requested a new bond hearing based on his application for temporary protected status, but the immigration judge rejected that request. (Anderson Decl., ECF No. 7-2, PageID.55, ¶¶ 12–13).

In November 2024, after ICE had initiated removal proceedings against Moreno-Camacho, USCIS granted Moreno-Camacho temporary protected status. (Anderson Decl., ECF No. 7-2, PageID.55, ¶ 14). A few weeks later, the immigration judge held a merits hearing on Moreno-Camacho's removal. (*Id.*, at ¶ 15; Order of Removal, ECF No. 7-8, PageID.78). At the hearing, Moreno-Camacho withdrew his application for asylum and withdrew his request for withholding of removal. (Anderson Decl., ECF No. 7-2, PageID.55, ¶ 15; Order of Removal, ECF No. 7-8, PageID.78).

On December 9, 2024, the immigration judge entered a final order of removal and ordered Moreno-Camacho removed to Venezuela. (Anderson Decl., ECF No. 7-2, PageID.55, ¶ 15; Order of Removal, ECF No. 7-8, PageID.80). Moreno-Camacho

waived his right to appeal the order of removal. (Order of Removal, ECF No. 7-8, PageID.81).

On January 13, 2025, respondents contacted three countries to accept Moreno-Camacho: Guatemala, El Salvador, and Colombia. (Anderson Supp. Decl., ECF No. 12-1, PageID.105, ¶ 7). Respondents did not contact Venezuela because Venezuela did not accept removals from the United States at that time. (*Id.*, ¶ 8).

On February 13, 2025, USCIS revoked Moreno-Camacho's temporary protected status after it learned that authorities in Venezuela had issued arrest warrants for Moreno-Camacho prior to his arrival in the United States. (Anderson Decl., ECF No. 7-2, PageID.55–56, ¶ 18; TPS Withdrawal, ECF No. 7-3, PageID.60).

Moreno-Camacho was removed from the United States on March 15, 2025, and he is no longer in respondents' custody. (Anderson Supp. Decl., ECF No. 12-1, PageID.104, ¶ 5).

## Standard of Review

Rule 12(b)(1) permits dismissal for "lack of jurisdiction over the subject matter." Fed. R. Civ. P. 12(b)(1). The plaintiff bears the burden of proving subject matter jurisdiction. *RMI Titanium Co. v. Westinghouse Elec. Corp.*, 78 F.3d 1125, 1134 (6th Cir. 1996). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

## Argument

The jurisdiction of federal courts is limited to actual cases or controversies. *See* U.S. Const. Art. III, § 2. "That limitation requires those who invoke the power of a federal court to demonstrate standing—a personal injury fairly traceable to the defendant's allegedly unlawful conduct and likely to be redressed by the requested relief." *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 90 (2013) (quotation omitted). An "actual controversy" must exist at the time the complaint is filed and at all subsequent stages of the litigation. *Id.*

A case becomes moot (*i.e.*, it no longer presents an actual controversy) "when events occur during the pendency of a litigation which render the court unable to grant the requested relief." *Demis v. Sniezek,* 558 F.3d 508, 513 (6th Cir. 2009) (citing *Carras v. Williams,* 807 F.2d 1286, 1289 (6th Cir. 1986)). In particular, an immigration habeas case challenging the lawfulness of a noncitizen's detention becomes moot if the petitioner is removed from the United States during the pendency of the litigation. *See, e.g.*, *Enazeh v. Davis*, 107 F. App'x 489, 491 (6th Cir. 2004).

For instance, in *Enazeh*, a noncitizen filed suit challenging his detention, his removal, and his immigration status. *Enazeh*, 107 F. App'x at 490. However, while the case was on appeal, the noncitizen was removed from the United States. *Id.* Accordingly, the Sixth Circuit found that the noncitizen's challenge to his detention

4

was moot because he "sought release from detention . . . [and b]ecause he has already been deported, the court can no longer grant the requested relief." *Id.* at 491; *see also Al-Rabiah v. Adducci*, No. 1:18-CV-520, 2018 WL 6704877, at *1 (W.D. Mich. Oct. 30, 2018), *report and recommendation adopted*, No. 1:18-CV-520, 2018 WL 6704872 (W.D. Mich. Dec. 13, 2018) ("Petitioner's release from ICE detention and his removal from the United States has rendered his petition moot."); *Ibrahim v. Sessions*, No. 4:18CV122, 2018 WL 3548827, at *2 (N.D. Ohio July 24, 2018) ("Because Petitioner is no longer detained and has been removed from the United States, his petition for writ of habeas corpus is moot.").

Here, Moreno-Camacho's petition lacks subject matter jurisdiction. In this suit, Moreno-Camacho sought a writ compelling his release from respondents' custody. (*See* Pet., ECF No. 6-1, PageID.36 (seeking "a writ of habeas corpus directing the Respondents to immediately release Petitioner from custody.")). Moreno-Camacho was released from respondents' custody pursuant to his removal. (*See* Supp. Anderson Decl., ECF No. 12-1, PageID.104, ¶ 5). Accordingly, there is no active case or controversy for this Court to adjudicate and the case is moot. *See Demis*, 558 F.3d at 513.

No exceptions to the mootness doctrine apply here. In "exceptional circumstances" courts have found an exception to the mootness doctrine in cases that present "an issue capable of repetition but evading review." *See Enazeh*, 107 Fed.

5

App'x at 491 (citing *Weinstein v. Bradford*, 423 U.S. 147, 148–49 (1975)). However, "[t]his exception applies only where: (1) the challenged action was in its duration too short to be fully litigated prior to its cessation or expiration, and (2) there was a reasonable expectation that the same complaining party would be subjected to the same action again." *Id.* (quotation omitted).

In this case, Moreno-Camacho had a full opportunity to challenge his detention in his immigration proceedings, but ultimately chose to accept removal and waive his appeal rights and there is no evidence or allegation indicating that there is a reasonable expectation that Moreno-Camacho will be detained by respondents again. Therefore, no exceptions apply and Moreno-Camacho's claim is moot. *See, e.g.*, *Enazeh*, 107 Fed. App'x at 491.

Nor is Moreno-Camacho's claim for temporary protected status a bar to dismissal. Moreno-Camacho's temporary protected status was revoked by USCIS for cause under 8 U.S.C. § 1254a(c)(3) prior to his removal. (*See* TPS Withdrawal, ECF No. 7-3, PageID.59). USCIS is not a named party to this case or a proper defendant in a habeas petition, *see Roman v. Ashcroft*, 340 F.3d 314, 320 (6th Cir. 2003), therefore, its decision cannot be reviewed in this litigation. Further, even if USCIS were a party to this suit, Moreno-Camacho's right to appeal the withdrawal of his temporary protected status was limited to a claim with the Administrative Appeals Office and the Board of Immigration Appeals. *See* 8 C.F.R. §§ 103.3,

244.10, 244.11. USCIS's discretionary decision to withdrawal Moreno-Camacho's temporary protected status under § 1254a(c)(3) is not reviewable by a federal district court and is instead reviewable (if at all) only by a federal court of appeals. *See* 8 U.S.C. §§ 1252(a), (g).

Finally, to the extent that Moreno-Camacho's complaint can be construed to challenge the immigration court's initial decision to detain him after a bond hearing, (*see, e.g.*, Pet., ECF No. 6-1, PageID.35), that claim would lack merit and the Court would not have subject matter jurisdiction over such a claim. *See* 8 U.S.C. § 1226(e).

## Conclusion

Respondent requests that the Court dismiss this case for lack of subject matter jurisdiction.

Respectfully submitted,

Julie A. Beck
Acting United States Attorney

*/s/ Zak Toomey*
Zak Toomey (MO61618)
Assistant U.S. Attorney
211 W. Fort Street, Suite 2001
Detroit, Michigan 48226
(313) 226-9617
zak.toomey@usdoj.gov

Dated: April 3, 2025

7

## Certificate of Service

I hereby certify that on April 3, 2025, I electronically filed the foregoing paper with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the parties of record.

*/s/ Zak Toomey*
**Zak Toomey**
Assistant U.S. Attorney

8